UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY LEVY, ET AL. | CIVIL ACTION |
| VERSUS | NO: 21-918 |
| VALERO SERVICES, INC., ET AL. | SECTION: "A" (3) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 16)** filed by Plaintiffs, Jeffrey Levy and Catherine D. Levy. Defendants, Valero Refining-Meraux, LLC and Valero Services, Inc. (hereinafter collectively "Valero"), oppose the motion. The motion, submitted for consideration on July 6, 2022, is before the Court on the briefs without oral argument.

Plaintiffs, Jeffrey Levy and Catherine D. Levy, initiated this lawsuit in state court against Valero and other natural persons including Leslie Sullivan, Jace Raney, and John Jacob Baltz. The lawsuit arises out of an April 10, 2020 explosion and fire at the Valero refinery in Chalmette, Louisiana. Jeffrey Levy was performing his job duties on site when the explosion occurred and he contends that he sustained serious and permanent injuries as a result of the incident. Jeffrey Levy's spouse, Catherine D. Levy, has brought a loss of consortium claim.

Valero removed the lawsuit to this Court. The cited basis for original subject matter jurisdiction in federal court is diversity jurisdiction even though the parties are not completely diverse in citizenship—the plaintiffs and defendants John Jacob Baltz and Leslie Sullivan are Louisiana citizens. Valero's position is that Baltz and Sullivan have

been improperly joined and that their citizenship should therefore be ignored for purposes of retaining the case and exercising jurisdiction over Plaintiffs' claims against the remaining defendants.

Plaintiffs now move to remand the case to state court. Plaintiffs argue that diversity jurisdiction is not present in this case because Baltz and Sullivan destroy complete diversity and they have not been improperly joined. The dispute surrounding Baltz's and Sullivan's joinder centers on whether or not the exclusivity provision of the Louisiana Workers' Compensation Act bars Jeffrey Levy's claims (and concomitantly Catherine Levy's claims) against Baltz and Sullivan (co-employees). But even aside from the worker's comp bar, Valero argues that on the merits Plaintiffs cannot maintain a *Canter* cause of action against Baltz and Sullivan.

If there is at least one nondiverse defendant, there is no federal diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). Joinder of a non-diverse party is improper if there is no reasonable basis to predict that the plaintiff might be able to recover against that party. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006). Improper joinder may be established where the Workers' Compensation Act bars recovery. *See id.*

But § 23:1032(B) of the Act carves out an exception to exclusivity where an employer's (including another employee's) intentional act injures the plaintiff. Importantly, in this context "intent" or "intentional" means that the person either 1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct, or 2) knows that the result is substantially certain to follow

from his conduct, whatever his desire may be as to that result. *Id.* (quoting *Cole v. State Dep't of Pub. Safety & Correct.*, 825 So. 2d 1134, 1140 (La. 2002)); *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981).

The instant motion to remand is not the first instance in which this Court has considered the allegations of intentional conduct against Baltz in conjunction with the April 10, 2020 explosion and fire at Valero Chalmette facility. Valero also removed the lawsuit filed by Bridgette Martin in Civil Action 21-660. On June 3, 2021, this Court entered an Order and Reasons granting the plaintiff's motion to remand and rejecting the contentions of improper joinder regarding Baltz. (Civil Action 21-660, Rec. Doc. 28). The Court explained:

> While Valero correctly characterizes the intentional tort exception to be a narrow one, the Court nonetheless agrees with Plaintiff's contentions regarding the sufficiency of her pleadings insofar as the intentional tort exception applies to this case. Further, even assuming arguendo that Valero had established on the pleadings alone that the Workers' Compensation exclusivity provision applied to bar the claims against Baltz, the removal in this case remains problematic because all of the defendants in this case have been sued under the intentional tort exception to exclusivity. At this juncture Valero has focused only on Baltz because he is the only defendant destroying diversity jurisdiction but all of the defendants are claiming Worker's Compensation immunity in this case. (Rec. Doc. 6, Valero-Meraux, LLC Affirmative Defenses ¶ 3); (Rec. Doc. 8, Valero Services, Inc. Affirmative Defenses ¶ 3); (Rec .Doc. 10, Jace Raney Affirmative Defenses ¶ 3); (Rec. Doc. 27, Opposition at 8 n.11). And based on the case presented in the pleadings, if the exclusivity provision applies at all it will apply uniformly to all of the defendants. But the law in this circuit is that there is no improper joinder where the non-resident's showing that there is no reasonable basis for recovery against the in-state defendant equally disposes of all defendants. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 389 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 571 (5th Cir. 2004)).

(*Id.* at 3).

Defendant and co-worker Leslie Sullivan, who also destroys diversity jurisdiction,

3

was not named as a defendant in Martin's case.[1]

Pointing out that the Court is not bound by its prior ruling but recognizing that consistency would be a compelling factor in the Court's consideration of the motion to remand in this case, Valero argues that the allegations in this case are of a different nature and the "common defense" exception to improper joinder is not implicated here. Also recognizing that a binding change in the legal landscape would certainly be a compelling factor in the Court's consideration of the motion to remand in this case, Valero suggests that the recent Fifth Circuit decision in *Rolls v. Packaging Corp. of America, Inc.*, 34 F.4th 431 (5th Cir. 2022), militates in favor of a different result this time. Valero argues that *Rolls* means that the joinder of Baltz and Sullivan must be evaluated under *Canter v. Koehring Co.,* 283 So. 2d 716 (La. 1976), which is not the same legal standard that would apply to liability against Valero thereby rendering the common defense exception to improper joinder inapplicable.

While the *Rolls* decision is certainly recent it did not change anything in the existing law as to either improper joinder or the Louisiana Supreme Court's approach to evaluating the applicability of the intentional act exception to the worker's compensation bar. And Valero correctly points out that *Rolls* employs the *Canter* analysis with respect to the non-diverse defendants in that case and that a different legal theory was then applied to the employer-defendant. But Valero is ignoring the key distinguishing aspect of this case and *Rolls*: the decedent in *Rolls* was not an actual employee of the

---

[1] The Court notes that the Levys filed their petition in state court and Valero removed the action before the Court remanded Bridgette Martin's case.

removing defendant but rather was an employee of a contractor, *i.e.*, a third-party. And of course *Canter* applies to third-parties. The applicability *vel non* of the worker's comp bar to any of the defendants in *Rolls* would first turn on whether or not the decedent was the statutory employee of the removing defendant. Thus, the two non-diverse "co-worker" defendants were first eliminated from the case under a *Canter* analysis, which left only the removing diverse defendant in the case and it was this defendant who prevailed on summary judgment by asserting the worker's comp bar. Of course, here, Levy, Baltz, and Sullivan all worked for Valero so *Rolls* does not militate in favor of a different result in this case.

The Court remains persuaded that the analysis in *Martin* was not only correct in that case but it applies to the removal of the Levys' petition also.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 16)** filed by Plaintiffs, Jeffrey Levy and Catherine D. Levy, is **GRANTED**. This case is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction. The parties are not of diverse citizenship.

July 13, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE